**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-5583 |
| | ) | |
| SHERIFF OF COOK COUNTY, | ) | |
| COOK COUNTY, UNKNOWN COOK | ) | Honorable Sharon Johnson Coleman |
| COUNTY SHERIFF'S DEPUTIES, and | ) | |
| UNKNOWN CERMAK EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES the Plaintiff, Christopher Harrison, by and through one of his attorneys, Mary J. Grieb of The Shiller Preyar Law Offices, with the instant response to Defendants' Motion to Dismiss, and in support thereof states as follows:

## INTRODUCTION

Defendants' motion to dismiss should be denied in its entirety for two reasons. First, the allegations in Plaintiff's complaint, when taken as true, are sufficient to entitle him to some form of relief, which is all that is required at the pleading stage. Second, Defendants fail to establish all three elements of *res judicata*. Defendants improperly ask this Court to make a decision on the applicability of the affirmative defense of *res judicata* without the benefit of any discovery.

## PROCEDURAL HISTORY

Plaintiff Christopher Harrison ("Harrison") filed his *pro se* complaint in state court on April 14, 2011, alleging violations of his civil rights arising from the conditions of his confinement as a pre-trial detainee at the Cook County Jail. Subsequently, Harrison retained the

undersigned counsel, who sought, and was granted, leave to amend his Complaint.  On July 15,

2011, Harrison filed his Amended Complaint in state court.  On August 16, 2011, Defendants

removed this matter to this Court.  (Dkt. 4).  On October 4, 2011, Defendants filed a motion to

dismiss Plaintiff's Amended Complaint, ostensibly pursuant to FRCP 12(b)(6), for failure to

state a claim.

## FACTUAL BACKGROUND

In his Amended Complaint, Harrison named the Sheriff of Cook County, Cook County,

Unknown Cook County Sheriff's Deputies, and Unknown Cermak employees as Defendants.

Harrison brought suit pursuant to Section 202 of the Americans with Disabilities Act (42 U.S.C.

§ 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794(a)), and 42 U.S.C. § 1983 to

address deprivations of his rights under the Constitution of the United States and federal law.

Amended Complaint ¶ 1.  Harrison alleges that he was incarcerated at Cook County Jail as a pre-

trial detainee from May 12, 2009 to June 8, 2009, and again from April 3, 2010 to April 30,

2010.  Id. at ¶ 10.   Harrison also alleges that, while housed in a Medical Unit, he made requests

for reasonable accommodations for his disability, but was not given accommodations.

Specifically, as a direct and proximate result of Defendants' failure to provide accommodation

and proper care to him, he incurred emotional distress and physical injuries, including bed sores,

infections, Methicillin-Resistant Staphylococcus Aureus (MRSA), sleepless nights, numerous

hospitalizations, and continued physical injuries and emotional distress.  *Id*. at ¶¶  13-15.

Harrison set forth six specific counts:

- In Count I, directed towards Defendants unknown Cermak employees and unknown Sheriff's deputies, Plaintiff alleges a failure to provide medical attention pursuant to Section 1983.  *Id*. at ¶  16-20.
- Count II is directed towards all Defendants for violations of Plaintiff's rights secured by the Americans with Disabilities Act.  *Id*. at ¶¶  21-25.

2

- In Count III, Plaintiff alleges a *Monell* claim under Section 1983; specifically, he alleges that the Sheriff of Cook County had in place de facto policies, practices and/or customs, whereby it failed to provide the equipment required to accommodate and provide adequate medical care to wheelchair bound detainees. *Id.* at ¶ 26.  Plaintiff set forth five policies which resulted in violations of his civil rights: a) failure to provide sliding boards to allow wheelchair bound inmates to transfer to their beds; b) failure to provide accessible toilet and shower facilities; c) failure to provide proper medical care, including care for those wheelchair bound detainees who require assistance changing their catheters; d) failure to properly train and supervise staff in provision of reasonable accommodations to disabled detainees; and e) failure to provide proper equipment for disabled detainees.  *Id.* at ¶¶  27.
- Count IV alleges an indemnity claim against Cook County.
- Count V alleges that the Sheriff of Cook County is liable for its employees', unknown Defendant Sheriff's Deputies, violations of the Americans with Disabilities Act under a *respondeat superior* theory of liability.
- Count VI alleges that Cook County itself is liable for its employees', unknown Cermak Hospital employees, violations of the Americans with Disabilities Act under a *respondeat superior* theory of liability.

In contrast, on July 12, 2007, plaintiffs Derrick Phipps, Kevin House, Kenneth Courtney, and James Grant filed an amended complaint against Defendants Sheriff of Cook County and Cook County, pursuant to Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983.  *Phipps, et al. v. County of Cook, et al.*, 07-CV-3889 (Bucklo, J.), Dkt. 6.  Plaintiffs' individual claims are summarized as follows:

- Phipps, a paraplegic, alleged that while he was assigned to the Residential Treatment Unit of Division Eight between April 11, 2007 and May 13, 2007, he was discriminated against because of his disability in violation of the ADA and Rehabilitation Act because defendants failed to provide appropriate accommodations; he developed an infection from his bed sores and was transferred to the hospital wing of Division Eight on May 13 until his discharge in July 2007; he continued to be discriminated against at Cermak Hospital because of his disability; he incurred personal injuries, including several falls and the inability to clean and dry his body, while at the RTU and Cermak Hospital; he was denied enlargement from custody through the Sheriff's Electronic Monitoring program due to his disability.  *Id.* at ¶¶  5-9.
- House, a paraplegic, alleged that he was discriminated against while assigned to Cermak Hospital, in violation of the ADA and Rehabilitation Act because he was not provided with appropriate shower facilities, toilet facilities and beds; suffered personal injuries including several falls. *Id.* at ¶¶  10-11.

3

- Courtney, a paraplegic, alleged that he was discriminated against while assigned to Cermak Hospital, in violation of the ADA and Rehabilitation Act because he was not provided with appropriate shower facilities, toilet facilities and bed and  that he was not provided with appropriate showers, wash basins and beds; and suffered personal injuries including several falls and bed sores. *Id*. at  ¶¶  12-13.
- Grant, partially paralyzed on his left side, alleged that he was discriminated against while assigned to Cermak Hospital, in violation of the ADA and Rehabilitation Act because he was not provided with appropriate shower facilities, toilet facilities and beds and that that he was not provided with appropriate showers, wash basins and beds; and suffered personal injuries including several falls and rashes. *Id*. at  ¶¶  14-15.
- Plaintiffs alleged that they incurred physical injuries and emotional distress, were deprived of equal protection of law, and were discriminated against in violation of the ADA and Rehabilitation Act. *Id*. at  ¶ 16.
- Finally, Plaintiffs alleged that the action was brought "for a class of all former and current wheelchair bound inmates at the Cook County Department of Corrections who on or after July 12, 2005 were subjected to discrimination because of their disability in violation of § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973 because defendants failed to provide appropriate shower facilities, appropriate toilet facilities, and appropriate beds for wheelchair bound persons." *Id*. at  ¶ 17.

On June 30, 2009, Defendant Sheriff of Cook County and Defendant Cook County moved, individually, for summary judgment, arguing that Plaintiffs' claims were barred by the Prison Litigation Reform Act and that Defendants did not violate the Americans with Disabilities Act.  *Phipps*, Dkts. 161, 162. Plaintiffs cross-moved for summary judgment in their favor on their Americans with Disabilities Act claims. Phipps, Dkt. 166.  Notably, none of the parties addressed Plaintiffs' Section 1983 claims in their briefing.  On November 25, 2009, Judge Bucklo denied all parties' motions for summary judgment, holding that fact issues precluded summary judgment on the ADA claim as far as it related to prison conditions.  *Phipps v. Sheriff of Cook County*, 681 F.Supp. 2d 899 (N.D. Ill. 2009).   The written opinion did not address the merits of Plaintiffs' claims under Section 1983.  The parties prepared a pretrial order and motions in limine, but a trial never occurred.  On June 24, 2010, Plaintiffs' motion for preliminary approval of the class action settlement agreement was granted.  *Phipps*, Dkt. 316. On

4

September 17, 2010, a fairness hearing was held and it was ordered that the proposed settlement be approved. *Phipps*, Dkt. 321. On that same day, Judge Bucklo ordered that the proposed settlement was approved, set forth a deadline for class members to submit claims, and ordered Defendants to pay out certain amounts to the named Plaintiffs and Plaintiffs' counsel. *Phipps,* Dkt. 322. On October 24, 2011, according to the final docket entry available in *Phipps*, a hearing was held before Magistrate Judge Cole regarding Plaintiffs' motion to set up a process for resolution of challenged claims. *Phipps*, Dkt. 330.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must assume all facts alleged in the complaint to be true and view the allegation in the light most favorable to plaintiff. *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). A Motion to dismiss receives careful scrutiny and is not often granted. *Rothner v. City of Chicago,* 929 F.2d 297, 302 (7th Cir. 1991). Given the liberal requirements of federal notice pleading, dismissal is likely only where the complaint shows some bar to relief on its face. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 n.6 (7th Cir. 1994). The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specific facts are not necessary and the statement need only give the defendant fair notice of what the claim is and the grounds on which it rests. *Id*. "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol Myers Squibb*

*Co.,* 372 F.3d 899, 901 (7th Cir. 2004).

## ARGUMENT

Defendants make an overbroad and meritless argument that Harrison's claims should be dismissed because they are "barred by *res judicata* based on the allegations, parties, and final judgment that was entered in *Phipps, et al. v. Sheriff of Cook County, et al.*, 07 C 3889."1  In fact, Harrison's Amended Complaint satisfies the requirements of Rule 12(b)(6) and the federal notice pleading standard.  Additionally, Defendants fail to establish the three necessary elements of the affirmative defense of *res judicata*.  For the reasons set forth below, Defendants' motion to dismiss should be denied.

**I.      Harrison Alleges Sufficient Facts To Satisfy The *Twombly* Notice Pleading Standard**

Defendants improperly seek a judgment on the merits of Plaintiff's claims at the motion to dismiss stage.  In fact, Plaintiff's Amended Complaint, on its face, contains sufficient allegations to put Defendants on notice that he is entitled to relief. Under federal notice pleading standards, Plaintiff is required to plead "only a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In this case, Plaintiff has sufficiently pled facts that, when taken as true, allege that the Defendants violated his rights pursuant to Section

---

1 In contrast, collateral estoppel, or issue preclusion, "means that an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or different claim."  *Junction Solutions LLC v. MBS Dev., Inc.* 2007 WL 4233995 (N.D. Ill. 2007).  Based upon the arguments about *res judicata* contained in their opening brief, there can be no question that Defendants have waived any argument for collateral estoppel on any particular issues pled in Harrison's complaint.  A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel ..." *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir.1998) (internal citations omitted).

1983 and the Americans with Disabilities Act.

Moreover, Defendants are in error in asserting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion to dismiss. The Seventh Circuit has held that the general rule is that "it is incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n. 2 (7th Cir. 2006). The only exception to this rule is when the plaintiff pleads himself out of court by "admitting all of the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers-Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). As Defendants and this Court are well aware, *res judicata* is a Rule 8(c) affirmative defense which must be affirmatively stated in a responsive pleading. In this case, Harrison has not "admitted all of the ingredients of an impenetrable defense" and Defendants' motion to dismiss should be denied as a matter of course.

## II. Defendants Do Not Establish Any of The Three Necessary Elements of the Affirmative Defense of *Res judicata*

Even if this Court were to consider Defendants' argument that *res judicata* bars Harrison's claims, Defendants' argument still fails. On its face, Harrison's complaint does not admit any of the three elements of *res judicata*: (1) an identity of parties or privies in the two suits, (2) an identity of the cause of action in both the earlier and later suit, and (3) a final judgment on the merits in an earlier action. *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987). While Defendants purport to move to dismiss this claim pursuant to Rule 12(b)(6), they are actually moving to dismiss this Complaint based on an affirmative defense contained in Rule 8(c). Defendants attempt to stave off discovery into the merits of Harrison's claims and their own affirmative defense by attacking the pleadings; in truth, *res judicata*, as with any Rule 8(c) affirmative defense, requires discovery. Defendants' vague assertions about the factual

7

similarities between the *Phipps* case and the instant case are not sufficient, at this procedural posture, to dismiss Harrison's Amended Complaint. Moreover, Defendants, as the parties asserting *res judicata*, fail to meet their burden "of showing with clarity and certainty what was determined by the prior judgment." *LaSalle Nat'l Bank v. County of DuPage,* 856 F.2d 925, 930-931 (7th Cir. 1988), cert. denied, 489 U.S. 1081 (1989). For the reasons stated below, Defendants do not meet their burden of establishing all three prongs of the *res judicata* affirmative defense.

### A. The First Element of *Res judicata* Is Not Satisfied Because Harrison, Unknown Cook County Sheriff's Deputies and Unknown Cermak Hospital Employees Were Not Parties To The Phipps Lawsuit

First, based upon the face of Plaintiff's complaint, there is not identity of the parties in the instant case and in Phipps. Based upon the four corners of Plaintiff's complaint, there can be no argument that Harrison was a party, or in privity to a party, in *Phipps*. Defendants correctly state that the settlement agreement in *Phipps* involved a court-approved class of people, "all former and current wheelchair bound inmates at the Cook County Department of Corrections who, from July 11, 2005 through June 15, 2010, were subjected to discrimination because of their disability in violation of Sect. 202 of the ADA and Sect. 504 of the Rehabilitation Act." *Phipps*, Dkt. 319, pp. 1-2. Defendants' bare assertion, however, that "opting out [of the class] was an option if Plaintiff chose to pursue an individual claim [and] he did not do so" is not sufficient to establish that Harrison was a party in Phipps. Indeed, Defendants need to conduct discovery into whether Harrison was fairly notified of the class action and whether he failed to opt out. Furthermore, Harrison concedes that Cook County and the Sheriff of Cook County are parties in the instant suit; however, Harrison also names unknown Cermak employees and unknown Sheriff's Deputies as Defendants who were personally responsible for violating his

8

constitutional and federal rights. In *Phipps*, only Cook County and the Sheriff of Cook County

are named as Defendants in the Amended Complaint. See *Phipps*, Dkt. 6, ¶ 3. In sum, there is

not complete identity of all parties based upon the four corners of Harrison's complaint.

> **B. The Second Element of *Res judicata* Is Not Satisfied Because Harrison Alleges Separate Claims, including Section 1983 Failure To Provide Medical Attention And A Monell Claim For Unconstitutional Policies And Practices Against The Sheriff of Cook County**

Second, based upon the face of Plaintiff's complaint, there is not identity of the claims in

the instant case and in *Phipps*. As a general rule, "two claims are one for the purposes of *res*

*judicata* if they are based on the same, or nearly the same factual allegations" and "arise out of

the same core of operative facts." *Brzostowski v. Laidlaw Waste Sys., Inc.* 49 F.3d 337, 339 (7[th]

Cir. 1995). Under this standard, looking at the pleadings, Harrison has alleged several facts and

de facto policies which are factually distinct from those allegations in *Phipps*. At the very least,

the parties must conduct discovery to determine which, if any, of Harrison's allegations are not

based on the same factual allegations and do not arise out the same core of operative facts as

those facts in *Phipps*.

Harrison concedes that he has brought two counts pursuant to the ADA and the

Rehabilitation Act and that, as to those counts, there is identity of the claims with those claims in

*Phipps*. Importantly, however, Harrison also brings two claims under 42 U.S.C. 1983: failure to

provide medical attention (Count I) and a *Monell* claim based on unconstitutional policies and

practices (Count III). In stark contrast, and as set forth *supra*, the plaintiffs in *Phipps* appear to

allege only that they were deprived of equal protection of the law, as secured by the Fourteenth

Amendment, in violation of 42 U.S.C. Section 1983. See *Phipps*, Dkt. 6, ¶ 16. Notably, neither

the written opinion denying summary judgment nor the settlement agreement itself even

9

mentions any claims alleged or litigated under Section 1983. See *Phipps*, Dkt. 319. It appears

from the Phipps' docket that those plaintiffs abandoned their Section 1983 claims. Additionally,

Harrison alleges that he suffered infections, MRSA, and numerous hospitalizations due to the

Defendants' conduct. Amended Complaint, ¶¶ 13-14. In contrast, the plaintiffs in Phipps alleged

some physical injuries, but do not allege they contracted MRSA or were hospitalized due to the

Defendants' unconstitutional misconduct. Discovery of Harrison's medical records from his

time in Cook County Jail must be examined before any factual determinations are made as to the

exact cause of his physical injuries and hospitalizations. Finally, Defendants correctly note that

"[e]ven if claims are based on different legal theories, the 'two claims are one for purposes of *res*

*judicata* if they are based on the same, or nearly the same, factual allegations.'" *Matrix IV, Inc.*

*v. Am. Nat'l Bank & Trust Co*., 2011 U.S. App. LEXIS 15537, * 19 (7th Cir. 2011) (internal

citations omitted).[2] In this case, however, Harrison alleges certain facts which are entirely

distinct from the factual allegations in *Phipps*. Specifically, Harrison alleges the following facts:

- He suffered Methicillin-Resistant Staphylococcus Aureus (MRSA) (Para. 13);
- He was hospitalized numerous times (Para. 14);
- His physical injuries and emotional distress are ongoing (Para. 15);
- The Sheriff of Cook County had *de facto* policies, practices or customs in place which included failing to provide proper medical care including assisting individuals who require assistance changing their catheters and failing to train and supervise staff in the provision of accommodations to disabled detainees (Para. 27);
- Cook County is the indemnifier for the tortious acts committed by its employees (Count IV)

---

2 For the purposes of their "identity of claims" argument, Defendants rely on language from *Brzostowski v. Laidlaw*, 49 F.3d 337, 338 (7th Cir. 1995) that has been taken out of context. In *Brzostowski*, the Seventh Circuit held that *res judicata* "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action" *once all three elements of res judicata have been satisfied*. Id. (emphasis added). Defendants must first establish the three prongs of *res judicata* before they can argue that *res judicata* bars all of Harrison's claims which could have been raised in Phipps.

- The Sheriff of Cook County is responsible for the conduct of unknown Sheriff's Deputies who violated the ADA under a *respondeat superior* theory of liability (Count V);
- Cook County is responsible for the conduct of the unknown Cermak Hospital employees who violated the ADA under a *respondeat superior* theory of liability (Count VI).

Defendants' attempts to gloss over these factually distinct allegations should not persuade this Court that the claims in *Phipps* and the instant case are identical.

### C. The Third Element of *Res judicata* Is Not Satisfied Because There Was No Final Judgment On The Merits In Phipps

Finally, Defendants devote scant space in their motion to address the most important issue for the purpose of this *res judicata* analysis: whether the settlement agreement in *Phipps* constituted a "final judgment on the merits." The settlement agreement in *Phipps* is merely an agreement between the parties and neither a judgment nor a decision on the merits of the case. Furthermore, even Judge Bucklo's order approving the settlement agreement (*Phipps*, Dkt. 322) is not a judgment; indeed, it only approves the fairness of the notice hearing and the reasonableness of the settlement agreement itself. See, e.g. *Carver v. Nall*, 172 F.3d 513, 515 (7th Cir. 1999) ("*res judicata* cannot operate in the absence of a judgment. A settlement agreement that has not been integrated into a consent decree is not a judgment and cannot trigger *res judicata*."); *Kandalepas v. Economou,* 269 Ill. App.3d 245, 252, 206 Ill.Dec. 538, 548 (Ill.App.Ct. 1994) (holding that an agreed order is not a judicial determination of the parties' rights, but rather a recordation of the agreement between the parties that, like any other agreement, is interpreted by the law of contracts.) Significantly, even a brief glance at the docket in *Phipps* reveals that a judgment on the merits was never entered and a dismissal was never filed. If this Court held that Harrison's entire Amended Complaint was barred by *res judicata* because of the settlement agreement in *Phipps*, then Cook County and the Cook County Sheriff's

office can use *Phipps* as a shield to defend against any complaint filed by other potential

members of the *Phipps* class (wheelchair bound detainees within the specified time period who

were discriminated against because of their disability).  It would be unfair if the affirmative

defense of *res judicata* barred a claim for personal injury, or excessive force, that was filed by an

individual who happened to fit the parameters of the class set forth in the *Phipps* settlement

agreement.  In sum, because there has been no final judgment on the merits in *Phipps*,

Defendants cannot satisfy the third prong of the *res judicata* analysis and their motion to dismiss

must be denied.

## **CONCLUSION**

For the foregoing reasons, Harrison respectfully requests that this Court deny

Defendants' motion to dismiss in its entirety.


Respectfully submitted,

_s/ Mary J. Grieb_____
Mary J. Grieb
One of Plaintiff's Attorneys

Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590

12

## **<u>CERTIFICATE OF SERVICE</u>**

I, Mary J. Grieb, hereby certify that a copy of the foregoing was served upon all opposing

counsel via the EM/ECF email system.


<u>s/ Mary J. Grieb</u>


Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590