**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HARRISON,       ) | |
|       ) | |
|      Plaintiff,       ) | Case No. 11-cv-5583 |
|       ) | |
|       ) | Judge Sharon Johnson Coleman |
|      v.       ) | |
|       ) | |
| SHERIFF OF COOK COUNTY, COOK       ) | |
| COUNTY, UNKNOWN COOK COUNTY       ) | |
| SHERIFF'S DEPUTIES, AND UNKNOWN       ) | |
| CERMAK EMPLOYEES,       ) | |
|       ) | |
|      Defendants.       ) | |
|       ) | |
|       ) | |
|       ) | |
|       ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motion by the Sheriff of Cook County, Cook

County, Unknown Cook County Sheriff's Deputies and Unknown Cermak employees)

(collectively "Defendants") to dismiss the plaintiff's, Christopher Harrison ("Harrison"),

complaint based on the defense of res *judicata* , pursuant to the final judgment in *Phipps,*

*et al. v. Sheriff of Cook County, et al.*, 07 C 3889 (the "*Phipps* Settlement"). Plaintiff

objects to defendants' motion. For the following reasons, this Court grants defendants'

motion in its entirety.

**FACTS**

For purposes of defendants' motion, the Court accepts as true the factual

allegations of the plaintiff's complaint.  Plaintiff, a wheelchair bound paraplegic, was

1

incarcerated at Cook County Jail as a pre-trial detainee from May 12, 2009 to June 8, 2009 and again from April 3, 2010 to April 30, 2010. On both occasions, plaintiff was incarcerated at Cook County Jail's Medical Unit. While there, Harrison made several requests for accommodations for his disability – namely wheelchair accessible showers, toilets and beds – but was not given such accommodations. As a result, Harrison was hospitalized numerous times and has, and still continues to suffer emotional and physical distress, including bed sores, infections, Methicillin-Resustant Staphylococcus Aureus (MRSA) and the inability to sleep throughout the night.  As a result, Harrison brings forth this matter alleging violations of 42 U.S.C. § 1983 for failure to provide medical attention (count I) and  of both Section 202 of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act for failure to provide reasonable accommodations for his disability (count II). Plaintiff also alleges a *Monell* claim (count III), an indemnity claim (count IV) and a *respondeat superior* claim against the Sheriff of Cook County (count V) and Cook County (count VI). In response, defendants' argue that *res judicata* bars all of plaintiff's claims and moves to dismiss this matter in full.

**STANDARD OF REVIEW**

1.      **Motion to Dismiss**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  Pursuant to the federal notice pleading standard, a complaint need only provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and

its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In order to withstand a motion to dismiss under 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, the complaint need not set forth "detailed factual allegations," but it must plead facts that "raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It should also be noted that during this stage, "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## DISCUSSION

The defendants only argument to dismiss this matter is that all of plaintiff's claims are barred by *res judicata*. "For *res judicata* to apply under Illinois law there must exist: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) the same cause of action; and (3) the same parties or their 'privies.' *Chicago Title Land Trust Co., v. Potash Corp. Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011) (citing *Hudson v. City of Chicago*, 228 Ill. 2d 462, 321 Ill. Dec 306, 889 N.E. 2d 210, 215 (2008). Furthermore, if the three necessary elements are present, "*res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id*.

3

Defendants contend that on July 12, 2007, the *Phipps* lawsuit was filed and was eventually certified as a class action on behalf of "all former and current wheelchair bound inmates at the Cook County Department of Corrections who, from July 11, 2005 through June 15, 2010, were subjected to discrimination because of their disability in violation of § 202 of the ADA and § 504 of the Rehabilitation Act." *Phipps* Dkt., No. 72 at 1-2; 319 at ¶¶ 9, 10. On June 24, 2010, a settlement agreement was approved by the court in the *Phipps* matter and a final order was entered on September 17, 2011 and the case was terminated. *Phipps*, Dkt. No. 316, 321-22.

Plaintiff's complaint establishes that he was a wheelchair bound inmate at the Cook County Department of Corrections from May 12, 2009 to June 8, 2009 and again from April 3, 2010 to April 30, 2010. Accordingly, defendants argue that he has, established through his own pleadings, that he was a class member in the *Phipps* lawsuit.

Pursuant to the settlement agreement in *Phipps*, the "Notice and Claims Procedure" provided that all class members were to submit their claim form or their "opt-out" requests by September 1, 2010. *Phipps*, Dkt. No. 319, ¶¶ 17-18. Plaintiff has not alleged that he opted out of the *Phipps* settlement at any time. As such, defendants assert that plaintiff is bound by the settlement agreement that was reached in the *Phipps* settlement and should be dismissed.

Plaintiff objects to defendants arguments on three grounds. First, plaintiff argues that the affirmative defense of *res judicata* is inappropriately raised in defendants' 12(b)(6) motion to dismiss. Instead, plaintiff suggests that *res judicata* is an affirmative defense and should be raised in a responsive pleading.

4

The Seventh Circuit has held that "it is incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense." *Mcready v. eBay, Inc.*, 453 F.3d 882, 892 n. 2 (7th Cir. 2006). An exception to this rule is when a plaintiff "admit[s] all of the ingredients of an impenetrable defense" in his complaint and thereby pleads himself out of court. *Xechem, Inc. v. Bristol-Myers-Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). In this case, defendants assert their *res judicata* defense entirely based upon facts alleged in plaintiff's complaint. Therefore, because defendants rely on the plaintiff's own disclosures in support of their defense, they have appropriately raised the issue of res *judicata* in their motion to dismiss. *See Muhammad v. Oliver*, 547 F.3d 847, 878 (7th Cir. 2008).

Second, plaintiff suggests that the case should proceed beyond the motion to dismiss stage in order for discovery to determine whether the plaintiff received adequate notice of the *Phipp*s settlement. However, nowhere in plaintiff's complaint does he allege that he did not receive notice of the *Phipps* settlement. Also, there is no indication in the *Phipps* docket that notice to class members was inadequate. Therefore, the court has no reason to believe that notice was inadequate in the *Phipps* settlement.

Lastly, plaintiff argues that defendants have failed to meet their burden of establishing the three necessary elements of a *res judicata* defense. To address this final argument we will discuss each element of *res judicata* in turn.

**Final Judgment on the Merits**

Defendant argues that on September 17, 2010, the district court judge in *Phipps* entered a settlement agreement. On that same day, the judge entered an order terminating the case. Therefore, defendants contend that this constitutes a final judgment in the

*Phipps* matter that limited relief to class members pursuant to the terms of the settlement agreement. Plaintiff, on the other hand, argues that the settlement agreement reached in *Phipps* did not constitute a final judgment on the merits. Plaintiff's note that the *Phipps* settlement agreement has not been entered as a consent decree and that the docket does not include an entry from the court that dismissed all claims with prejudice. *Compare with Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 593 (7th Cir. 1993) (deciding that a settlement agreement was a final judgment when court entered order approving the settlement and dismissed all claims with prejudice). Therefore, plaintiff argues that the settlement serves as merely an agreement between the parties, subject to the interpretation of contract law, but does not constitute a final judgment on the merits sufficient for establishing a *res judicata* defense.

On September 17, 2010, the district judge entered an order approving the proposed settlement agreement in *Phipps*. In the settlement agreement it states that, "If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members, except those persons who have timely filed 'opt out' forms." *Phipps*, Dkt. 319, Art. 37. Therefore, the court entered an order that effectively dismissed the claims of all class members with prejudice. Accordingly, the court finds that there is a final judgment in *Phipps*, sufficient to apply the defense of *res judicata*.

**Same Cause of Action**

Defendants also argue that plaintiff's claims in this matter all arise from the same cause of action as the *Phipps* Settlement. Claims have the same cause of action when a claim "emerge[s] from the same core of operative facts as an earlier action." *Brzostowski*

6

*v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995). Further, even if claims are based on different legal theories, two claims are one for the purposes of *res judiciata* if they are based on the same factual allegations. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011) (quoting *Hermann v. Cencom Cable Assocs.*, 999 F.2d 233, 266 (7th Cir. 1993).

Here, plaintiff concedes that his claims under the ADA and the Rehabilitation Act share an identity with the claims alleged in *Phipps*. However, plaintiff contends his Section 1983 claim and his *Monell* claim were not asserted in *Phipps* and should survive defendants' motion to dismiss.

Although plaintiff's § 1983 and *Monell* claims were not alleged in *Phipps* they do not serve to undermine the similar identity between the causes of action in this matter and the *Phipps* settlement. In both cases, the central allegation was that defendants failed to provide accessible showers, toilets and beds to wheelchair bound detainees which resulted in certain physical injuries including bed sores, rashes and infection. Plaintiff's § 1983 and *Monell* claims arise from these same set of facts. Therefore, as a class member, plaintiff could have raised these claims in the *Phipps* settlement. Having failed to raise these claims, or timely opt out of the *Phipps* settlement, plaintiff is now barred from proceeding with them here. *Id.*

Lastly, plaintiff's final attempt to distinguish his claims from those in *Phipps* is without merit. Plaintiff's allegations of indemnification and *respondeat superior* liability are more legal conclusions than factual allegations and do not distance plaintiff's claims from *Phipps* for purposes of defeating a *res judicata* defense.

**Identity of the Parties**

Lastly, defendants contend that plaintiff's claims are barred by *res judicata* because plaintiff's lawsuit shares a common identity of parties with those in *Phipps*. Plaintiff concedes that both Cook County and the Sheriff of Cook County were parties in the *Phipps* Settlement and in the instant suit. Plaintiff contends, however, that because he included certain unidentified and unknown Sheriff and County employees, identity of the parties does not exist. Plaintiff, however, cites no case law to support his argument that the presence of the unknown parties in this matter defeats *res judicata*. Instead, allowing plaintiff to by-pass the terms of the class settlement in its entirety by adding unidentified defendants defeats the purpose of the settlement. Therefore, as plaintiff has already acknowledged, because identity of the parties exists with respect to Cook County and the Sheriff of Cook County, the defense of res judicata applies to their claims.

**<u>CONCLUSION</u>**

For the foregoing reasons, this Court grants defendants' motion to dismiss with prejudice with respect to defendants' Cook County and the Sheriff of Cook County as plaintiff's suit is barred pursuant to the settlement agreement reached in *Phipps, et al. v. Sheriff of Cook County, et al.*, 07 C 3889 (N.D. Ill.) Plaintiff's claims against Unknown Cook County Sheriff's Deputies and Cermak Employees who were not parties to the settlement agreement and therefore whose claims are not barred by res judicata may proceed beyond the motion to dismiss stage.


IT IS SO ORDERED.

May 4, 2012
_____                    _____
Dated                                        Hon. Sharon Johnson Coleman
                                             United States District Court

9